IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-556-BO

| | |
|---|---|
| TOLEDO ENGINEERING CO., INC., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STEWART GLASS, INC., f/k/a STEWART ) <br> ENGINEERS, INC. ) <br> ) <br> Respondent. ) | **ORDER AND** <br> **JUDGMENT ENTRY** |

1. This matter was heard on the Verified Motion for Judgment Confirming Arbitration Award and for Permanent Injunction of Toledo Engineering Co., Inc. ("TECO") to which Stewart Glass, Inc., f/k/a Stewart Engineers, Inc. ("Stewart") submitted a Memorandum in Partial Opposition.

2. The parties agree that the Court should issue an order confirming the Award of the arbitrators in the arbitration between Stewart and TECO (the "Arbitration") dated October 5, 2020. However, the parties disagree as to the form of the order.

3. James K. Dorsett, III and Andrew P. Atkins appeared as counsel for Stewart in the Arbitration and Marshall A. Bennett, Jr. appeared as counsel for TECO.

4. The Arbitration concerned a subcontract between TECO and Stewart (the "Subcontract") relating to the float glass melting furnace for a 600 MTD float glass production line that is being built for Orda Glass in Kyzylorda, Kazakhstan.

5. The Award was properly filed with all the papers required under 9 U.S.C.A. § 13.

6. The court has considered the written Arbitration agreement between the parties and the documents submitted in connection with the application and has heard arguments of counsel.

No motion to vacate, modify, or correct the Award has been noticed, nor have any grounds been presented in opposition to confirmation.

7. THEREFORE, IT IS ORDERED

8. The Award of the arbitrators dated October 5, 2020, and signed October 8, 2020, in the Arbitration between the parties is confirmed in all respects.

9. Judgment is entered in favor of Stewart and against TECO in the amount of $1,630,502.78, with simple interest at the rate of 8% per annum from October 19, 2020.

10. Stewart terminated the Subcontract pursuant to the Subcontract's termination for convenience provision. The termination was not done in bad faith and Stewart properly executed its discretionary right under the Subcontract to terminate TECO for convenience.

11. Based on the Award, the Court finds and declares the following: (a) that the Subcontract gave Stewart the right to use TECO's drawings on the Project; (b) since Orda's termination of Stewart's contract for the Project and Stewart's termination of TECO, Stewart's right to use TECO's drawings on the Project is no longer in existence; and (c) TECO has sole and exclusive right to its drawings and may use or sell them as it alone decides.

12. Stewart shall not use or disclose to any other person or organization any of TECO's work product.

13. Each party shall bear its own costs.

Dated: 03 March 2021

Terrence W. Boyle
United States District Judge